# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| IRVING DETHROW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-cv-274-SNLJ |
| | ) |
| ST. LOUIS CITY METROPOLITAN | ) |
| POLICE DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Irving Dethrow, an inmate at the St. Louis City Justice Center, for leave to commence this action without prepayment of the filing fee. (Docket No. 2). The motion will be granted, and plaintiff will be given the opportunity to submit an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the average monthly deposits or the average monthly balance in the prisoner's account for the prior six-month period, whichever is greater. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a resident funds inquiry statement detailing his institution account for the six-month period immediately preceding the filing of the complaint, showing an average monthly balance of $13.91. The Court will assess an initial partial filing fee of $2.78, twenty percent of plaintiff's average monthly balance.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

When conducting initial review pursuant to § 1915(e)(2), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition,

affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**Discussion**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 seeking monetary damages against the St. Louis City Metropolitan Police Department, the St. Louis City Chief of Police, two police officers, and a detective. Plaintiff alleges that "the defendants" were indifferent to his medical needs. (Docket No. 1, Attch. 1, p. 1). Plaintiff also alleges that, during his arrest, defendant Jason Brandhorst tased him. Plaintiff alleges that defendants engaged in racial profiling and racial discrimination, that his Fifth and Fourteenth Amendment rights were violated, that the Chief of Police is responsible for "these defendants," that "these defendants" abused their power, and that defendants Craig Sayer and Mickey Christ "singled plaintiff out as a prime target by their stereotype racial profiling discriminatory acts and action of misconduct." (*Id.* at p. 2). Plaintiff then describes an incident that occurred on April 19, 2016 in which he was tased, and alleges that Brandhorst left plaintiff unconscious on the scene, and "these defendants" tore tendons in his right shoulder, tried to remove the taser, and took him to the hospital. (*Id.*)

The complaint is defective. With few exceptions, the complaint fails to allege what each defendant personally did to cause harm. Instead, the complaint refers to the defendants as a group and states, in conclusory fashion, that they committed wrongdoing. This is insufficient. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). In addition, while plaintiff names multiple defendants, it is not entirely clear how his claims are related. Plaintiff alleges that defendants were indifferent to his medical needs. Then he alleges that

3

Brandhorst tased him during an arrest, and other defendants engaged in racial profiling, and so forth as described above. It is not entirely clear when these events occurred. Later in the complaint, plaintiff alleges that various forms of wrongdoing occurred on April 19, 2016. Rule 20(a)(2) of the Federal Rules of Civil Procedure governs joinder of defendants, and provides:

> Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Therefore, a plaintiff cannot join, in a single lawsuit, a multitude of claims against different defendants that are related to events arising out of different occurrences or transactions. In other words, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Rule 18(a) of the Federal Rules of Civil Procedure governs joinder of claims, and permits multiple claims against a single defendant. It provides:

> A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.

Because plaintiff is proceeding *pro se*, the Court will give him an opportunity to file an amended complaint. In so doing, plaintiff should select the transaction or occurrence he wishes to pursue, and limit the facts and allegations to the defendant(s) involved therein. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff wishes to pursue additional claims against additional defendants,

4

and the claims do not arise from the same transaction or occurrence he has chosen to advance in his amended complaint, he must file each such claim as a new civil action on a separate complaint form, and either pay the filing fee or file a motion for leave to proceed *in forma pauperis*.

Plaintiff must prepare the amended complaint using a Court-provided form, and must follow Rules 8 and 10 of the Federal Rules of Civil Procedure. In the "Caption" section of the form complaint, plaintiff should write the name of the defendant(s) he wishes to sue, and indicate the capacity in which he intends to sue the defendant(s).[1] In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should: (1) set forth the factual allegations supporting his claim against that defendant; and (2) state what constitutional or federal statutory right(s) that defendant violated. If plaintiff is suing more than one defendant, he shall proceed in this manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations specific to that particular defendant and the right(s) that defendant violated.

Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of the amended complaint completely replaces the original. Claims that are not re-alleged are deemed abandoned. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation,* 396 F.3d 922, 928 (8th Cir. 2005).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $2.78 within

---

[1] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his institution registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint in accordance with the instructions set forth herein within thirty (30) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form.  Plaintiff may request additional forms as needed.

**If plaintiff fails to timely comply with this Memorandum and Order, the Court may dismiss this action without prejudice and without further notice.**

Dated this 22nd day of February, 2017.

STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE