## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| IRVING DETHROW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:17-cv-274-SNLJ |
| | ) |
| ST. LOUIS CITY METROPOLITAN | ) |
| POLICE DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. This case will be dismissed, without prejudice, due to plaintiff's failure to comply with this Court's February 22, 2017 order and his failure to prosecute his case.

Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated this 42 U.S.C. § 1983 action on January 23, 2017, seeking monetary damages against the St. Louis City Metropolitan Police Department, the St. Louis City Chief of Police, two police officers, and a detective. Upon initial review, this Court determined that the complaint was subject to dismissal for numerous reasons, including plaintiff's failure to allege facts sufficient to demonstrate a deprivation of his constitutional rights. For example, plaintiff attempted to assert numerous unrelated claims against five defendants, and he set forth his claims in conclusory fashion instead of alleging how each individual defendant violated his rights. In an order dated February 22, 2017, the Court explained why the complaint was subject to dismissal, and gave plaintiff an opportunity to submit an amended complaint. The Court also directed plaintiff to submit an initial partial filing fee of $2.78. The order clearly explained what was expected, and cautioned plaintiff that his failure to timely respond would result in the dismissal of his case without further notice. His

response to the Court was due on March 24, 2017.  To date, plaintiff has neither filed an amended complaint nor sought additional time to do so.

Plaintiff was given meaningful notice of what was expected, and cautioned that his case would be dismissed if he failed to timely comply.  Therefore, this action will be dismissed without prejudice due to plaintiff's failure to comply with this Court's February 22, 2017 order and his failure to prosecute his case.  Fed. R. Civ. P. 41(b); *see also Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (*per curiam*) (affirming dismissal without prejudice where *pro se* plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so); *Fitzwater v. Ray*, 352 F. App'x 125, 126 (8th Cir. 2009) (*per curiam*) (district court did not abuse its discretion in dismissing action without prejudice when the *pro se* plaintiffs failed to comply with an order "directing them to file within fourteen days an amended complaint in conformity with Rule 8"); *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that the complaint is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** than an appeal from this dismissal would not be taken in good faith.

Dated this 5th day of April, 2017.

                                                    _____
                                                    STEPHEN N. LIMBAUGH, JR.
                                                    UNITED STATES DISTRICT JUDGE